IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANA KINCAID, *individually and on behalf of similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>PASHA ATLANTA, LLC, d/b/a Pasha Restaurant and Bar, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:23-CV-3592-TWT |

**OPINION & ORDER**

This is a Fair Labor Standards Act ("FLSA") minimum wage case. On April 18, 2025, after a week-long trial, a jury found that Defendants willfully violated the FLSA and awarded the Plaintiffs $161,630.76 in damages. It is now before the Court on the Plaintiffs' Motion for Liquidated Damages [Doc. 117] and Motion for Attorneys' Fees [Doc. 119].

I.  **Liquidated Damages**

In FLSA cases, "liquidated damages are mandatory absent a showing of good faith." *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (quotation marks and citation omitted). When a jury finds that an employer willfully violated the FLSA, then a finding of good faith is precluded. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("[I]n an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages

question."); see *Nash v. BOSCO, Inc.*, No. 2:22-cv-7-RWS, 2023 WL 11807822, at *2 (N.D. Ga. Dec. 7, 2023) (holding that because "the jury found that Defendants willfully violated the FLSA" then "[t]hat verdict necessarily precludes a finding that Defendants acted in good faith or had reasonable grounds for believing they were not violating the FLSA" (citation omitted)).

Here, the jury was properly instructed on the standard for willfulness and found that the Defendants willfully violated the FLSA. Further, the Defendants have not responded to the Plaintiffs' motion, indicating that it unopposed. *See* LR 7.1B, N.D.Ga. ("Failure to file a response shall indicate that there is no opposition to the motion."). Thus, the Court awards the Plaintiffs $161,630.76 in liquidated damages—the full amount of the jury verdict.

## II. Attorneys' Fees

In FLSA actions, prevailing plaintiffs "are automatically entitled to attorneys' fees." *P&k Rest. Enter.*, 758 F. App'x at 847 (quotation omitted). The most important consideration in evaluating a plaintiff's proposed figure is "reasonableness." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (per curiam). "[T]he starting point for determining [] a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 556 (11th Cir. 2015) (quotation omitted). This calculation—known as the lodestar—"is presumed to represent a reasonable fee, but can be adjusted upward or

downward based on other considerations." *Walker*, 752 App'x, at 913 (citation omitted).

Here, the Plaintiffs request $255,987.50 in attorneys' fees.[1] The Defendants object to this amount as unreasonable and instead contend that an award of $155,310 is appropriate. For the reasons below, the Court finds that the Plaintiffs' proposed amount is too high and will reduce their calculation of attorneys' fees.

### A. Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). The burden is on the Plaintiffs, as the applicants for attorneys' fees, to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* (citation omitted). For example, "[e]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

Here, the Plaintiffs ask the Court to approve hourly rates of $625 for

---

[1] In their initial Motion, the Plaintiffs asked for an award of $249,935.00. They have since increased the requested amount by $6,052.50 based on additional work preparing their Reply Brief and engaging in settlement discussions. (*See* Suppl. For Additional Attorneys' Fees Incurred, Ex. A, [Doc. 122-1]).

their lead counsel, Ryan Morgan, an equity partner at Morgan & Morgan, P.A.,[2] $450 for co-counsel, Jeremy Stephens, an attorney at Morgan & Morgan, $225 for their paralegal, Silvia Albright, and $150 for Khusbu Patel, an attorney at Morgan & Morgan. (Pls.' Mot. for Attorneys' Fees, [Doc. 119-1], at 14). In support, they cite previously approved rates for their work in other federal courts, as well as comparable rates that have been approved in recent FLSA cases in this district. (*Id.* at 12). The Defendants object only to Stephens's rate and Albright's rate.

The Court will first assess the reasonableness of Stephens's rate. The Defendants argue that the Plaintiffs' requested $450 per hour rate for Stephens is unreasonable and ask that the Court to reduce his rate to $325 per hour. The Court agrees with the Defendants and will accordingly adjust Stephens's rate to $325 per hour.[3] This rate is reasonable and aligns with

---

[2] In the Plaintiffs' initial Motion, they requested a rate of $625 for Morgan. (*See* Pls.' Mot. for Attorneys' Fees, at 12) ("Here, Mr. Morgan is seeking $625 per hour."). The Defendants did not object to Morgan's rate. In the Defendants' final calculations, however, it appears that they used a rate of $650 per hour rather than $625 for the calculation of Morgan's fees. (*See* Defs.' Resp. in Opp'n to Pls.' Mot. for Attorneys' Fees, Ex. A, [Doc. 120-1], at 41) (showing Ryan Morgan's total fee as $114,400 which is the total of 176 hours multiplied by $650). And in the Plaintiffs' Reply Brief, they cite Morgan's rate as $650 per hour. (*See* Pls.' Reply Br. [Doc. 121], at 3 n1.). The Court will use $625 as Morgan's rate, as that is the rate the Plaintiffs originally requested and the rate that the Defendants did not object to, though they made an error in their calculations.

[3] The Plaintiffs argue that a $450 rate is appropriate because a court previously approved a $400 rate for Stephens. The Plaintiffs are referencing the court's approval of a settlement agreement in *Jorge Hernandez v.*

4

recent FLSA cases in this district. *See, e.g., Fernandes v. OJ Installations, LLC*, No. 1:19-cv-4152-AT, 2022 WL 3571098, at *4 (N.D. Ga. June 29, 2022) (awarding the plaintiffs' counsel $325 and $335 rates in an FLSA case); *Miata v. Bottoms Up Rest. Grp., LLC*, No. 1:19-cv-4918-MHC, 2021 WL 9721151, at *6 (N.D. Ga. Apr. 29, 2021) (approving a $350 rate for a partner and a $275 rate for an associate in an FLSA case); *Spurlock v. Complete Cash Holdings, LLC*, 540 F. Supp. 3d 1201, 1210 (N.D. Ga. 2021) (finding $350 rate for a senior associate reasonable); *Espinoza v. Pro. Roofing Tech., LLC*, No. 1:20-cv-1308-SCJ, 2020 WL 5884660, at *1 (N.D. Ga. Sept. 14, 2020) (approving $325 and $425 hourly rates as reasonable in a FLSA case).

Next, the Defendants argue that the Plaintiffs' paralegal, Silvia Albright, ought to have her rate reduced from $225 to $150. The Court agrees that the Plaintiffs' requested rate is too high and will reduce it to $150, a reasonable rate for a seasoned paralegal that is supported by other FLSA cases in this district. *See Spurlock*, 540 F. Supp. 3d at 1210 (finding that $165 and $125 were reasonable rates for paralegals (collecting cases)); *Nelson v. Dillard Hosp. Grp., LLC*, No. 1:21-cv-240-SDG, 2021 WL 3417643, at *1 (N.D. Ga. Apr.

---

*Affordable Landscaping Services, LLC, et. al.*,1:21-cv-1659-SCJ. This argument is not persuasive. In *Hernandez*, the court approved a settlement agreement that generally stated that the Plaintiffs' counsel "will be paid the sum of $5,500.00." (Settlement Agreement and Release, [Doc. 12-1], at 1). Neither the settlement agreement nor the court's order specified the individual attorneys' rates, and the issue was not briefed or debated. Accordingly, the Court gives this argument little weight.

16, 2021) (approving as reasonable paralegal rates of $165, $125, and $65); *Jones v. Marietta Nondestructive Testing, LLC*, No. 1:18-cv-5384-LMM, 2020 WL 13588241, at *5 (N.D. Ga. May 5, 2020) (holding that the paralegal's "rate of $125/hour is consistent with what paralegals have earned in similar recent cases in this District." (citations omitted)).

### B. Hours Worked

In preparing proposed attorneys' fees, "[t]he applicant should exercise 'billing judgment' with respect to hours worked." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (citation omitted). If applicants do not do so, "courts are obligated to [] cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Reyes*, 632 F. App'x at 556 (quotation marks and citation omitted). The Defendants object to several of the Plaintiffs' time entries as "duplicative and/or an unnecessary and unreasonable amount of time." (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, at 2).

The Court has carefully reviewed the Plaintiffs' counsels' time entries and finds that they are reasonable and therefore will not reduce any of the hours entered. The Court has considered the Defendants various arguments but does not find any of the Plaintiffs' entries unreasonable for the reasons explained in the Plaintiffs' Reply Brief. (*See generally* Pls.' Reply Br.). The Court will address several of the Defendants' specific objections below.

To start, the Defendants argue that since both Stephens and Morgan billed time for revising outlines for direct examination questions, these entries are duplicative. (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, at 2–3). In addition to arguing that these entries are duplicative, the Defendants assert that the number of hours devoted to the outline preparation is unreasonable "considering the minimum issues to be discussed and the consistency and repetitiveness of the questions for each Plaintiff." (*Id.* at 2). The Defendants ask that the hours counted towards working on the outlines be capped at 8 hours total, rather than the 23–28 requested by the Plaintiffs. (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, Ex. A., at 2). The Court agrees with the Plaintiffs that these hours were necessary and declines to reduce them. The Plaintiffs had to prepare for nine total witnesses at this trial. The Court agrees with the Plaintiffs that preparing outlines goes beyond thinking of questions; it also requires

> [N]eeding to review depositions multiple times to ensure consistent testimony is received and deposition cites were contained within the outlines for impeachment purposes; reviewing each party's exhibit list to include appropriate and complete exhibits for each witness; and then reviewing outlines in relation to each other and revising same to ensure a comprehensive, cohesive and sensical trial order and presentation of evidence to ensure it is well-received by the jury and makes sense.

(Pls.' Reply Brief, at 5–6). Further, it makes sense that a partner would spend time reviewing and collaborating on an associate's outline draft. Witness

7

examination is a vital part of a trial and having multiple attorneys work on outlines is not duplicative; it is wise.[4] The Plaintiffs' calculation of hours here is reasonable, and the Court accepts their proffered amounts.

Next, the Defendants argue that Morgan's time spent traveling ought to be excluded. Generally, "[r]easonable travel time of the prevailing party's attorneys ordinarily is compensated on an hourly basis." *Yule v. Jones*, 766 F. Supp. 2d 1333, 1342 (N.D. Ga. 2010) (citing *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)). Courts have the discretion to reduce the hourly rates for travel time. *Ayers v. Harrison*, No. 2:10-cv-00032-RWS, 2014 WL 2712297, at *2 (N.D. Ga. June 13, 2014) (citations omitted). "Factors that have been considered in deciding the rate at which travel time should be compensated include whether legal work was performed during the travel." *Id.* (citations omitted). Based on the time entries,

---

[4] For this same reason, the Court overrules the Defendants' objections that multiple attorneys and paralegals working on one document is duplicative and unreasonable. *See, e.g.*, (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, Ex. A., at 5). For a case involving seven plaintiffs going to a week-long jury trial in federal court, it is reasonable that multiple people would collaborate and work together on important motions and evidence gathering. *See, e.g., Spurlock*, 540 F. Supp. 3d at 1213 ("Practically speaking, completing one particular task—such as drafting discovery responses—will often require an attorney or paralegal to . . . collaborate with other members of the firm to discuss any issues."); *Eason v. Bridgewater & Assocs., Inc.*, 108 F. Supp. 3d 1358, 1363–64 (N.D. Ga. 2015) (finding reasonable and not duplicative time entries when two attorneys were working on the same task because "[w]here multiple attorneys are involved in a case, there must be some coordination among them, and more senior attorneys must have the ability to review and revise the work of more junior attorneys").

it appears that Morgan did work during much of his travel. (*See, e.g.*, Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, Ex. A., at 16). The Court finds that Morgan's travel time entries are reasonable and will not reduce his hours on this basis.

The Defendants also object to Stephens's time entries for his attendance and work during trial. They argue that awarding fees for this time would be unreasonable because Stephens "never participated in trial day activities and is not listed speaking once on record." (Defs.' Resp. Br. in Opp'n to Pls.' Mot. for Attorneys' Fees, Ex. A, at 1). The Court does not accept this objection. It is common practice for lead counsel to have the assistance of junior attorneys during trials, especially more complex trials involving multiple parties, such as here. *See Evans v. Books-A-Million*, 907 F. Supp. 2d 1284, 1307 (N.D. Ala. 2012) ("The concept of a 'second chair,' *i.e.,* the practice of having another attorney assist with trial, is so widely recognized that it garners treatment in legal dictionaries" (citing *Black's Law Dictionary* (8th ed. 2004))), *aff'd in part, vacated in part on other grounds*, 762 F.3d 1288 (11th Cir. 2014). Just because Stephens did not speak at trial does not mean he was idle; indeed, the Plaintiffs point out that he "was responsible for organizing witnesses and evidence, tracking testimony received to ensure all necessary elements of the claims and counter-points to Defendants' defenses was received into evidence, and taking notes of specific testimony to ensure closing arguments and damages sought

9

were accurate and based on the testimony received." (Pls.' Reply Br., at 6–7). The Court finds that Stephens' time entries for his work at trial are reasonable and will include them as part of the lodestar calculation. *See Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-CIV, 2009 WL 10668140, at *4 (S.D. Fla. Sept. 11, 2009) (approving second chair attorney's fees as reasonable because "Mr. Levy's assistance was necessary to the prosecution of Plaintiffs' case and that his presence at trial was justified."); *Van Voorhis v. Hillsborough Bd. of Cnty. Comm'rs*, No. 806-CV-1171-T-TBM, 2008 WL 2790244, at *2 (M.D. Fla. July 18, 2008) (holding that attorney's fees for a second-chair attorney were "fair and reasonable").

The Court also overrules the Defendants' objections to the Plaintiffs' time entries related to depositions. The Defendants argue that the time entries are excessive because the time billed is more than the time spent in the deposition. The Court rejects this argument and agrees with the Plaintiffs that it is reasonable and common practice for attorneys to meet with the witness prior to the deposition to prepare and answer questions. (Pls.' Reply Br., at 8–9).

Lastly, the Defendants object to time entries for data entry as clerical and therefore not entitled to compensation via attorneys' fees. *See Norman*, 836 F.2d at 1306 ("[I]t is equally true that a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook

tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment."). The Plaintiffs retort that the Defendants' characterization of their work is not accurate. They aver that they were "perform[ing] an analysis of [the] checkout reports and prepared their own summary chart exhibits to be used at trial and to make the voluminous Checkout Report exhibits more digestible and understandable to the jury, the Court and the witnesses." (Pls.' Reply Br., at 11–12). According to the Plaintiffs, "[t]his was not a task involving a hundred pages of pay and time records that took minimal time and would be considered clerical" but rather was "confusing and took considerable time to review and input the necessary information to create the summary charts used with the jury." (*Id.* at 12). The Court agrees with the Plaintiffs that this work was not merely administrative but instead required analytical thought and discretion. The Court will not reduce these hours.

### III.   Conclusion

For these reasons, the Court will modify the Plaintiffs' calculation of attorneys' fees by adjusting Jeremy Stephens's rate to $325 per hour and Silvia Albright's rate to $150 per hour. The Plaintiffs are ORDERED to submit an updated spreadsheet with the attorneys' fees calculated consistent with the revisions in this Order within 14 days of the date of this Order. The Court will enter a final Order on the Plaintiffs' Motion for Attorneys' Fees once the final

calculation has been updated. The Plaintiffs' Motion for Liquidated Damages is GRANTED [Doc. 117]. The Court awards the Plaintiffs $161,630.76 in liquidated damages.

SO ORDERED, this   30th   day of July, 2025.

THOMAS W. THRASH, JR.
United States District Judge